UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL CULLISON, JR., and AMBER CULLISON, | ) ) ) | CIV. 09-4122-KES |
| Plaintiffs, | ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND |
| vs. | ) ) | DISCOVERY AND DENYING DEFENDANT'S SUMMARY |
| HILTI, INC., | ) ) | JUDGMENT MOTION |
| Defendant. | ) | |

Plaintiffs, Michael Cullison, Jr., and Amber Cullison, filed a tort action alleging strict liability claims and seeking punitive damages against the defendant, Hilti, Inc., after Michael injured his left eye at work. The Cullisons claim that Hilti's safety glasses were defective and caused the injury. After the close of discovery, Hilti moved for summary judgment on all claims. The Cullisons oppose the summary judgment motion and move the court to extend discovery. The motion to extend discovery is granted and the summary judgment motion is denied without prejudice.

**BACKGROUND**

This is a tort action arising out of an injury to Michael. Michael worked as a steel stud framer for Dave Kramer Drywall. On July 18, 2006, Michael was working with Jon Rotert at the construction site of the Sunshine Food Store in Sioux Falls, South Dakota, to erect the steel framing for the project.

Rotert used a DX350 Hilti Powder Actuated tool to shoot steel pins into the steel tracking. Michael assisted Rotert by holding the steel track so that Rotert

could fasten the track to the I-beam. Michael wore safety glasses that he said he found in the DX350 case. He knew to wear safety glasses because he had been trained and certified on the DX350. At the time of the incident, Michael stood five to six feet behind Rotert. When Rotert shot the DX350 gun, a steel pin fragmented and a small shard entered Michael's left eye.

Michael underwent surgery to remove the fragment. He has continued to experience some trouble with vision in his left eye. In his suit against Hilti to recover damages from the incident, Michael alleges strict liability claims of a defective product and a failure to warn under South Dakota law. Amber claims a loss of consortium. The Cullisons also claim punitive damages and allege that Hilti acted willfully and wantonly.

**DISCUSSION**

I.  **Motion to Extend Discovery**

The Cullisons move to extend the discovery deadlines under Federal Rule of Civil Procedure 16(b)(4). The Cullisons seek an additional 30 days to identify experts and disclose expert reports and 30 days from that date for Hilti to identify its experts and disclose its reports. All other discovery would be concluded in 120 days.

A discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). The moving party must show cause

to modify a schedule. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Good cause under Rule 16(b) is an "exacting" standard "for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Engleson v. Little Falls Area Chamber of Commerce*, 210 F.R.D. 667, 668-69 (D. Minn. 2002) (internal citations omitted).

When a party seeks to extend discovery after the discovery timeline has expired, he has the additional burden of showing that his failure to act timely was "because of excusable neglect." Fed. R. Civ. P. 6(b)(1); *Spoden v. Abbe Ctr. for Cmty Care, Inc.*, No. C09-0156, 2010 WL 2892449, at *3 (N.D. Iowa, Jul. 22, 2010). When a party cannot legitimately meet a deadline, the proper course is to seek an extension of the deadline before the deadline expires. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

In their joint Form 52 Report, the parties agreed to complete discovery on May 28, 2010. Docket 9, ¶ 3(b); Docket 10, ¶ 3. The parties further agreed that the Cullisons would disclose their expert witnesses by January 15, 2010, and Hilti would disclose its experts by March 5, 2010. Docket 9, ¶ 3(g); Docket 10, ¶ 5.

In the beginning of discovery, the Cullisons diligently complied with the discovery timeline. The Cullisons dutifully filed initial disclosures and listed thirteen people who had knowledge about the case. Docket 12. The Cullisons also participated in the depositions of Michael and Jon Rotert. Docket 18-6;

3

Docket 18-7. Importantly, the Cullisons and Hilti were attempting to reach a settlement as late as June 10, 2010. Docket 21; Docket 18-5. Discovery is expensive and the Cullisons' attempts to settle the matter instead of incurring additional attorney fees and costs constitutes good cause to extend discovery under these circumstances.

The Cullisons' failure to move for an extension before discovery closed is excusable neglect. Strict liability actions raise complex legal and factual issues. While the parties may have initially believed that they allotted sufficient discovery time, the case's complexity made the discovery deadlines too short to sufficiently investigate the matter. Further, given that the parties were still discussing settlement around June 10, 2010, when discovery closed May 28, 2010, shows that any neglect by the Cullisons was excusable. Accordingly, the Cullisons' request for extension of the discovery deadline under Rule 16(b)(4) is granted.

## II. Summary Judgment Motion

Because the parties now have additional time to conduct discovery, Hilti's summary judgment motion is denied without prejudice. At the close of discovery, either party may again move for summary judgment.

## CONCLUSION

The motion to extend discovery under Rule 16(b)(4) is granted. At this time, Hilti's summary judgment motion is denied without prejudice. After the close of discovery, the Cullisons or Hilti may move for summary judgment.

Accordingly, it is

ORDERED that the Cullisons' motion to extend discovery deadlines (Docket 19) is granted.

IT IS FURTHER ORDERED that the Cullisons have until **September 20, 2010**, to disclose their expert witnesses and any reports. Hilti has until **October 20, 2010**, to disclose its experts and reports. All other discovery will conclude by **December 20, 2010**. The dispositive motion deadline will be **January 20, 2011**. All other provision of the court's prior scheduling order remain in effect.

IT IS FURTHER ORDERED that Hilti's motion for summary judgment (Docket 14) is denied without prejudice.

IT IS FURTHER ORDERED that the motion hearing and pretrial conference scheduled for September 7, 2010, and the jury trial scheduled for October 12, 2010, are canceled. After the court rules on any dispositive motions that are filed, the court will then issue a new order scheduling the pretrial conference and trial.

Dated August 19, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE