UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| MICHAEL CULLISON, JR., and AMBER CULLISON,  Plaintiffs,  -vs-  HILTI, INC.  Defendant. | CIV. 09-4122  ORDER (Motion to Compel, Doc. 35) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is the Plaintiffs' Motion to Compel (Doc. 35). The Plaintiffs have filed a Brief (Doc. 37) and a Reply Brief (Doc. 43) in support of the motion. The Defendant has filed a Brief (Doc. 40) and the Second Affidavit of William Fuller (Doc. 41) in opposition.

**BACKGROUND**

Plaintiffs bring this lawsuit against Hilti, Inc., alleging strict liability and seeking punitive damages after Michael injured his left eye at work. At the time of the injury, Michael was working with a fellow construction worker who was using a Hilti DX350 powder actuated gun. Michael was wearing a pair of safety glasses he found in the DX350 tool case.[1] When his co-worker shot the DX350 gun, a steel pin fragmented and a small shard entered Michael's left eye. The Cullisons claim Hilti's safety glasses were defective and caused the injury.

After the close of discovery, Hilti moved for summary judgment. The basis of Hilti's motion was its contention that Plaintiffs failed to produce an expert to prove the glasses were defectively designed, or that the warning was inadequate. ("To establish that a product is defective for failure to warn, the plaintiff must establish that the 'manufacturer has reason to anticipate that danger may result from a particular use of [its] product, and [its] failure to give adequate warning of such danger.'"). (Citation omitted). *See* Defendant's Summary Judgment Brief, Doc. 15, at p. 6.

---

[1] The safety glasses bore the "HILTI" name on the frame. Through discovery, it has been learned they were manufactured in Germany. *See* Plaintiff's Expert Report, Doc. 26-1, p.3 Defendant's Responses to Plaintiff's Interrogatories, (Second Set) (copy attached to Fuller Affidavit), Doc. 41-2, p. 5.

Thereafter, Judge Schreier extended the discovery deadline to allow Plaintiff time to designate an expert. Plaintiffs designated Neal Growney. Plaintiffs' expert opines the fastener kit which includes the subject safety glasses is defective in design and that Hilti failed to adequately warn its safety glasses[2] are insufficient to safeguard against the dangers posed by the Hilti DX350 powder actuated tool.

**DISCUSSION**

Plaintiffs move to compel answers to their Interrogatories, Demand for Production and Requests to Admit from Plaintiffs to Defendant (Fifth Set).[3] The parties Form 52 Report (Doc. 9) indicates the parties agreed to complete discovery by May 28, 2010. They further agreed each party would be entitled to serve a maximum of twenty-five (25) interrogatories. Judge Schreier has granted several requested extensions to the original discovery deadline. The most recent extension ordered discovery to be completed by June 3, 2011. Plaintiffs now seek to compel answers to their Fourth/Fifth Set of discovery requests, which were served March 28, 2011. The Defendant objects.

Federal Rule of Civil Procedure 33(a)(1) presumptively limits the number of interrogatories a party may serve on any other party to twenty-five. Rule 33(a)(1) provides that additional interrogatories may be served by agreement of the parties or by order of the court. Leave to serve additional interrogatories is governed by Rule 26(b)(2). Rule 26(b)(2) requires the court to limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "In practical terms, the party seeking leave to . . . serve more interrogatories than are contemplated by the Federal Rules or the Court's Scheduling Order, must

---

[2] Plaintiffs' expert opines the fastener kit should have included "high impact goggles" instead of "Hilti spectacles." *See* Doc. 26-1, p. 7.

[3] In its opposing Brief, the Defendant states the discovery request it is resisting is actually the "Fourth Set"–mislabeled by the Plaintiffs as the "Fifth Set." The disputed discovery requests will be referred to as the "Fourth/Fifth Set" in the remainder of this Order.

make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Services, Inc. Of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999) (citations omitted).

The parties have provided the Court with copies of Plaintiffs' Interrogatories (First Set) and (Second Set). Together, Plaintiffs' first two sets of interrogatories totaled twenty-eight (28). It is unknown how many interrogatories were included in the Third Set. The proposed Fourth/Fifth Set purports to propound seven more interrogatories, several having multiple sub-parts. There is no dispute, therefore, that  the Plaintiffs  have exceeded the agreed upon twenty-five interrogatories to which the parties agreed they would be entitled to serve upon the Defendant and which is allowed by Judge Schreier's Rule 16 Scheduling Order (Doc. 10) . Plaintiffs  must, therefore, obtain leave of court according to the above-articulated standard in order to serve the Fourth/Fifth Set of Interrogatories that are the subject of the pending motion.[4]

The  proposed  Fourth/Fifth Set of Interrogatories   purports  to  propound  seven  more interrogatories, several having multiple sub-parts. The focus of the  Fourth/Fifth Set  is the marketing and sale of Hilti products in not only the United States, but also in several foreign countries.  *See* Doc. 35-4.

Plaintiffs  assert Hilti's discovery responses and its corporate representative in his deposition testimony have been "misleading."  Doc. 37, p. 2.  In  its opposing Brief, Defendant denies it has provided "misleading" information, and insists it has "consistently responded that it has not provided, manufactured, or furnished safety goggles with any of its powder- actuated tools within the past ten years."   Doc. 40, p. 4.

Plaintiffs  counter  that Defendant's claim it only markets products in the United States is false, based on information uncovered by their expert and by Plaintiffs' internet research which reveals Hilti markets its products all over the world.  "The research shows that Hilti, Inc., is one multi-national corporation that markets its products worldwide and is headquartered in the principality of Liechtenstein in Europe.  It is not an American Corporation as the Defendant contends."  Doc. 35, p. 3.  Defendant, however, contends it has "consistently stated that it is a *distributor* of Hilti powder- actuated tools that 'only does business within the United States.'  . . .

---

[4]Plaintiffs must make the showing articulated in *Archer Daniels* to be entitled to serve the requested discovery upon Defendant.  Their motion seeks to *compel answers* to discovery.

The *manufacturer* of the powder actuated tools distributed by Defendant Hilti, Inc. is Hilti Aktiengesellschaft, a Liechtenstein company." Doc. 40, p. 7 (emphasis added). Defendant further contends that "[w]hile it is unclear how such information is relevant to Plaintiffs' claim, Plaintiffs should have known that Hilti, Inc. is a United States distributor of Hilti products rather than the manufacturer since at least December 2010, when it received Defendant's responses to Plaintiff's first set of interrogatories stating the same." Doc. 40, p. 7.

After Plaintiffs received the Defendant's opposing Brief, they filed their Reply Brief (Doc. 43) and moved to amend their Complaint (Doc. 44) on the same day. Plaintiffs' Motion to Amend asserts "Defendant now steadfastly claims to be the seller and distributor of the product not the manufacturer. This has been learned through discovery. It was Plaintiffs' understanding that Defendant was indeed the manufacturer of the product." *See* Doc. 44, ¶ 3. In their Reply Brief in Support of Motion to Compel (Doc. 43), Plaintiffs assert the discovery they request in their Interrogatories to Defendant (Fourth/Fifth) Set is relevant to the issue of the relationship between Hilti, Inc. and Hilti Aktiengesellschaft, a Liechtenstein company.

Plaintiffs argue if Hilti, Inc. is wholly owned or controlled by Hilti Aktiengesellschaft, a Liechtenstein company then Hilti Aktiengesellschaft's knowledge about the safety requirements of its products should be imputed to Hilti, Inc.[5] *See* Plaintiffs' Reply Brief (Doc. 43) ¶¶ 1-3, 5). Plaintiffs distill their position in the following sentence, found on the third page of their Brief: "It is Plaintiff's position . . . that this domestic corporation is a wholly owned subsidiary of Hilti, Inc. Liechtenstein." Plaintiffs assert they should be entitled to clarify the relationship between the two companies before this case goes to trial. *See* Plaintiffs Brief in Support of Motion to Compel, Doc. 35, ¶ 7.

It is unclear, however, what the information Plaintiffs seek in their Fourth/Fifth Set of Interrogatories does to further their stated goal. The Fourth/Fifth Set of Interrogatories seeks information about when certain products were marketed with safety goggles in the United States, when certain products were marketed with safety goggles in Europe, the European standards for

---

[5]A similar theory has been rejected as to Hilti, Inc. and Hilti Aktiengesellschaft in at least one other jurisdiction. *See Seasword v. Hilti, Inc.* 537 N.W.2d 221 (Mich. 1995).

4

safety goggles, and the sale of safety goggles in twelve foreign countries.[6] The relevancy of these questions to the corporate relationship between Hilti, Inc. and Hilti Aktiengesellschaft, a Liechtenstein company or to any other issue in this lawsuit is not readily apparent.

## CONCLUSION and ORDER

Plaintiffs assert there may be more information which should be discovered before this matter moves to trial. Plaintiffs have, however, exceeded the number of interrogatories (twenty-five) allowed by the Rule 16 Scheduling Order. The Defendant has not stipulated to allow Plaintiffs to exceed twenty-five interrogatories, and the Plaintiffs have not requested leave of court serve extra interrogatories. The discovery deadline has passed, and has already been extended several times. Therefore, IT IS ORDERED:

(1) Plaintiffs' Motion to Compel (Doc. 35) is DENIED without prejudice to their ability to request leave to serve additional interrogatories.

(2) Before Plaintiffs move for leave of Court to serve additional interrogatories upon the Defendant, however, they must: (1) request yet another extension of the discovery schedule; (2) be prepared to present each proposed interrogatory to the Court within the mandates of Rule 26(b)(2)(C); and (3) "make a particularized showing of why the discovery is necessary." *Archer Daniels Midland Co. v. Aon Risk Services, Inc. Of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999) (citations omitted).

Dated July 21, 2011

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[6]Interrogatory No. 6 seeks information about all previous eye injuries caused by Defendants's powder actuated tools within the last ten years. The Defendant claims it has already provided this information in its Supplemental Responses to Plaintiff's Interrogatories (First Set). *See* Doc. 41-3.

Interrogatory No. 7 seeks information about Hilti's gross income for the past five years. This information may be relevant to Plaintiffs' punitive damage claim. *See e.g. Armstrong v. Republic Realty Mortgage Co.*, 631 F.2d 1344, 1353 (8th Cir. 1980) (gross annual income considered in determining whether punitive damage award was appropriate).