UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL CULLISON, JR., and AMBER CULLISON, | ) ) ) | CIV. 09-4122-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION IN LIMINE NUMBER ONE |
| HILTI, INC., | ) ) | |
| Defendant. | ) | |

Plaintiffs, Michael Cullison, Jr., and Amber Cullison, filed a tort action alleging strict liability claims against the defendant, Hilti, Inc. On July 18, 2006, Michael held one end of a piece of steel framing while his co-worker fastened the other end using a powder actuated tool distributed by Hilti. The fastener splintered and a fragment entered Michael's left eye, causing injury. At the time, Michael wore a pair of safety glasses that accompanied the tool. Michael currently works at a different employer than the employer he worked for when he was injured.

In their motion in limine number one, as clarified during the pretrial conference held on November 21, 2011, Cullisons moved to preclude all questioning by Hilti regarding what eyewear Michael wears at his current job. Hilti resists the motion. The court reserved ruling during the pretrial hearing. The motion is granted.

## DISCUSSION

During her deposition, Amber testified that Michael wears safety goggles at his current job. *See* Docket 65 (summarizing Amber's deposition testimony). Cullisons move to exclude any similar questioning of Amber or other witnesses at trial and argue that evidence of what Michael currently wears to protect his eyes should be excluded as irrelevant and impermissible habit evidence under Federal Rule of Evidence 406. Docket 80.

Hilti argues that the evidence of what eye protection Michael currently wears is relevant because had Michael so chosen, he could have worn goggles at his previous employer where the injury occurred. But the South Dakota Supreme Court has held "that the plaintiff's or the defendant's negligence is irrelevant and contributory negligence is not a defense in strict liability." *Smith v. Smith*, 278 N.W.2d 155, 160-61 (S.D. 1979). Any evidence of what Michael currently wears for eye protection or suggestions that he could have chosen a different form of eye protection would be irrelevant evidence in a strict liability case. Thus, the evidence is not admissible. Accordingly, it is

ORDERED that plaintiffs' motion in limine number one (Docket 65) is granted.

Dated November 22, 2011.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              CHIEF JUDGE