UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL CULLISON, JR., and AMBER CULLISON, | ) ) ) | CIV. 09-4122-KES |
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO |
| vs. | ) ) | EXCLUDE EVIDENCE OF CUSTOM AND USAGE |
| HILTI, INC., | ) ) | |
| Defendant. | ) | |

Plaintiffs, Michael Cullison, Jr., and Amber Cullison, filed a tort action alleging strict liability claims against defendant, Hilti, Inc. On July 18, 2006, Michael held one end of a piece of steel framing while his co-worker fastened the other end using a powder-actuated tool distributed by Hilti. The fastener splintered and a fragment entered Michael's left eye, causing injury. At the time, Michael wore a pair of safety glasses that accompanied the tool.

During the November 21, 2011, pretrial conference, Cullisons orally moved to preclude Hilti from offering any evidence of custom or usage at trial, including accepted industry standards. Docket 85. The court reserved ruling and allowed Hilti to respond in writing. Hilti resists the motion. Docket 88. The motion is denied.

## DISCUSSION

Cullisons, citing *Miller v. Yazoo Manufacturing Co.*, 26 F.3d 81 (8th Cir. 1994), argue that "defendant may not introduce evidence of the custom and

usage in the industry to show its lack of fault because the culpability of defendant's conduct is not an issue in a strict liability case." Docket 81 at 1. *Miller*, however, stands for the opposite conclusion.

In *Miller*, a products liability case based on strict liability, the trial court admitted safety standards, which were published by the American National Standards Institute (ANSI). *Miller*, 26 F.3d at 82. The Eighth Circuit reasoned that while Missouri law created the cause of action, determining whether the ANSI standards were admissible was a matter of federal law. *Id.* (citing *Adams v. Fuqua Indus., Inc.*, 820 F.2d 271, 273 (8th Cir. 1987)). The Eighth Circuit affirmed the trial court and reasoned that the evidence was relevant "because it tends to make the existence of an unreasonably dangerous condition more or less probable than it would be without such evidence." *Id.* at 83 (citing Fed. R. Evid. 402).

South Dakota recognizes that evidence of industry standards is proper as a "state of the art defense" in a products liability case:

> In any product liability action based upon negligence or strict liability, whether the design, manufacture, inspection, testing, packaging, warning, or labeling was in conformity with the generally recognized and prevailing state of the art existing at the time the specific product involved was first sold to any person not engaged in the business of selling such a product, may be considered in determining the standard of care, whether the standard of care was breached or whether the product was in a defective condition or unreasonably dangerous to the user.

SDCL 20-9-10.1. Relying on SDCL 20-9-10.1, the Eighth Circuit has held that

2

industry standards are relevant and material on the issue of strict liability under South Dakota law. *Robinson v. Brandtjen & Kluge, Inc.*, 500 F.3d 691, 694-95 (8th Cir. 2007) (citing SDCL 20-9-10.1). This holding is consistent with long-standing precedent holding that industry standards and customs are admissible in product liability cases. *See, e.g.*, *Poches v. J. J. Newberry Co.*, 549 F.2d 1166, 1168 (8th Cir. 1977) (reasoning that industry standards are admissible in a strict liability case); *Buchanna v. Diehl Mach., Inc.*, 98 F.3d 366, 371 (8th Cir. 1996) (reasoning that ANSI standards which were created after the product in question was manufactured were admissible).

Evidence concerning industry standards would assist the jury in determining whether the powder-actuated tool distributed by Hilti was in a defective condition and unreasonably dangerous when Michael used the tool and safety glasses. Thus, the evidence is admissible. Accordingly, it is

ORDERED that plaintiffs' oral motion in limine to exclude evidence of custom, usage, and accepted industry standards for powder-actuated tools and protective eyewear (Docket 85) is denied.

Dated November 28, 2011.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE